**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 9:14-CV-81616-ROSENBERG/BRANNON**

ISSEN ALIBRIS, an individual,

     Plaintiff,

v.

ADT LLC, a Delaware corporation,

     Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS**
**OR, IN THE ALTERNATIVE, TO DISMISS SECOND AMENDED COMPLAINT**
**AND REMANDING TO STATE COURT**

**THIS CAUSE** is before the Court upon Defendant ADT LLC's Renewed Motion for

Judgment on the Pleadings or, in the Alternative, to Dismiss Second Amended Complaint and

Memorandum of Points and Authorities [DE 91]. The Court has carefully considered

Defendant's Motion, Plaintiff's Response [DE 93], and Defendant's Reply [DE 94], and is

otherwise fully advised in the premises.[1] For the reasons set forth below, Defendant's Motion is

GRANTED IN PART and DENIED IN PART. The Court will enter FINAL JUDGMENT in

favor of Defendant as to Counts I and II of Plaintiff's Second Amended Complaint. Counts III

through VI are REMANDED to the Superior Court of the State of California for the County of

Los Angeles.

## I.     INTRODUCTION

This case arises from Defendant ADT LLC's decision not to hire Plaintiff Issen Alibris

for a position in California based on information contained in a background investigation report

_____

[1] The Court has considered Plaintiff's request for oral argument pursuant to Local Rule 7.1(b) and denies
that request.

prepared by a third-party consumer reporting agency. Plaintiff, on his own behalf and on behalf of a putative class, alleges numerous violations of federal and California state law governing the use of such reports in connection with taking adverse employment action. For various reasons, Defendant asserts that Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted. With respect to Counts I and II, the Court agrees.

## A.     Procedural Background

On August 7, 2013, Plaintiff filed his initial Complaint in California state court, asserting breach of contract and general negligence claims against ADT Security Services, Inc., Human Capital Management, Inc., Human Capital Management, LLC, and Does 1 to 15.[2] *See* DE 1 ¶ 1; DE 1-6. In his initial Complaint, Plaintiff alleged that on or about July 26, 2011, ADT Security Services, Inc. accepted Plaintiff's application for employment and entered into a written contract with Plaintiff, pursuant to which ADT Security Services, Inc. agreed not to consider any outdated information provided by its background check vendor. *See* DE 1-6. Plaintiff further alleged that on or about August 10, 2011, ADT Security Services, Inc. breached this contract by refusing to employ Plaintiff based solely on information obtained in violation of federal and California state law, causing Plaintiff both loss of employment and emotional distress. *See id.* Finally, Plaintiff alleged that ADT Security Services, Inc., Human Capital Management, Inc., Human Capital Management, LLC, and Does 1 to 15 negligently caused damage to Plaintiff on or about August 10, 2011, by relying upon information wrongfully provided by their background check vendor, Checkpast LLC ("Checkpast"), and denying Plaintiff employment. *See id.*

On July 15, 2014, Plaintiff filed his First Amended Complaint ("FAC") in California state court against Defendant ADT LLC and Does 2 to 20. *See* DE 1 ¶ 5; DE 1-4. In his FAC,

---

[2] On November 5, 2013, Plaintiff filed an "Amendment to Complaint" indicating that ADT LLC was the true name of the defendant originally designated by the fictitious name of Doe 1. *See* DE 1 ¶ 2; DE 1-1.

Plaintiff withdrew his breach of contract claim and asserted (on his own behalf and on behalf of a putative class) claims for (i) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), (ii) violation of the California Investigative Consumer Reporting Agencies Act, Cal. Civ. Code § 1786 *et seq.* ("ICRAA"), (iii) violation of California Labor Code § 432.7, (iv) negligence,[3] (v) adverse employment action in violation of public policy, and (vi) unlawful business practices in violation of California Business and Professions Code § 17200 *et seq. See* DE 1 ¶¶ 5–6; DE 1-4. On August 13, 2014, Defendant filed its Answer to Plaintiff's FAC. *See* DE 1 ¶ 7; DE 1-5. The same day, Defendant filed a Notice of Removal in the United States District Court for the Central District of California. *See* DE 1.

On October 10, 2014, Defendant filed a Motion for Judgment on the Pleadings as to Counts III–VI of Plaintiff's FAC [DE 16] and a Motion to Transfer Venue to the Southern District of Florida [DE 17]. On November 3, 2014, Plaintiff filed a Motion for Leave to File a Second Amended Complaint [DE 29]. On December 29, 2014, the California District Court granted Defendant's Motion to Transfer Venue to the Southern District of Florida and denied both Defendant's Motion for Judgment on the Pleadings and Plaintiff's Motion for Leave to File a Second Amended Complaint without prejudice to renew these motions in the new forum. *See* DE 42. On December 30, 2014, this case was transferred to the Southern District of Florida. *See* DE 43.

On March 4, 2015, Defendant filed a new Motion for Judgment on the Pleadings and Memorandum of Points and Authorities [DE 71] directed to all six counts of Plaintiff's FAC. The same day, Defendant filed a Motion to Temporarily Stay Class-Wide Discovery Pending This Court's Ruling on its Dispositive Motion and Memorandum of Points and Authorities [DE 72]. On March 18, 2015, the Court granted Defendant's Motion to Temporarily Stay Class-Wide

---

[3] Plaintiff's negligence claim was brought solely on his own behalf. *See* DE 1-4.

3

Discovery pending the Court's ruling on Defendant's Motion for Judgment on the Pleadings. *See* DE 83.

On March 25, 2015, Plaintiff filed a new Motion for Leave to File Second Amended Complaint [DE 87]. On March 26, 2015, the Court granted Plaintiff's Motion and denied as moot Defendant's Motion for Judgment on the Pleadings. *See* DE 88; DE 89. In its Order granting Plaintiff's Motion, the Court further ordered that the stay of class-wide discovery would remain in effect until ten days after Defendant was served with a copy of Plaintiff's Second Amended Complaint. *See* DE 88. In the event Defendant filed a renewed motion for judgment on the pleadings, the Court ordered that the stay of class-wide discovery would not expire ten days after service of the Second Amended Complaint, but would instead remain in effect pending the Court's ruling on that motion. *See id.*

On March 26, 2015, Plaintiff filed his Second Amended Class Action Complaint ("SAC") [DE 90] against Defendant ADT LLC only. On April 6, 2015, Defendant filed its Renewed Motion for Judgment on the Pleadings or, in the Alternative, to Dismiss Second Amended Complaint and Memorandum of Points and Authorities ("Renewed Motion") [DE 91].[4] On April 23, 2015, Plaintiff filed his Response in Opposition to Defendant's Renewed Motion [DE 93], and on May 4, 2015, Defendant filed its Reply Memorandum of Points and Authorities in Support of Renewed Motion [DE 94].[5] Defendant's Renewed Motion is now fully briefed and ripe for review.

---

[4] Accordingly, the stay of class-wide discovery remains in effect pending the Court's ruling on ADT LLC's Renewed Motion. *See* DE 88. The deadline to complete discovery has been extended to 30 days after the date of this ruling, the deadline for ADT LLC to disclose expert witnesses has been extended to 60 days after the date of this ruling, and the deadline to file pretrial motions has been extended to 60 days after the date of this ruling. *See* DE 97; DE 100.

[5] Defendant filed Supplemental Authority in support of its Renewed Motion on August 5, 2015. *See* DE 103.

B.     **Factual Background**[6]

On July 22, 2011, Defendant extended an offer of employment to Plaintiff, which Plaintiff accepted on July 25, 2011. *See* DE 90, SAC ¶ 11. Following the employment offer and acceptance, Defendant asked Plaintiff to submit to a background check to be conducted by Checkpast, a consumer reporting agency. *Id.* ¶ 12. On August 5, 2011, Defendant informed Plaintiff that it intended to take "adverse action" against Plaintiff, and that this decision had been influenced by information included in a report provided to Defendant by Checkpast. *Id.* ¶ 13. Defendant did not, however, include a copy of the report on which it relied, instead instructing Plaintiff to obtain a copy directly from Checkpast. *Id.*

Upon obtaining a copy of Checkpast's Background Investigation Report (the "Report"), Plaintiff discovered that the Report included inaccurate information as well as information concerning a misdemeanor that, according to Plaintiff, should not have been included in the report. *Id.* ¶ 14. Specifically, Plaintiff alleges that the Report included information concerning a misdemeanor charge from 1999, 12 years prior to the date of the Report. *Id.* Plaintiff, who was 19 years old at the time of his arrest, successfully completed probation, and the misdemeanor charge against him, on which adjudication had been deferred, was dismissed. *Id.*

Plaintiff immediately contacted Checkpast to dispute the inaccuracies in the Report, and Checkpast provided a corrected report to Defendant. *Id.* ¶ 15. Plaintiff subsequently reached out to Defendant on numerous occasions to inquire about the reports and the status of his employment. *Id.* However, Defendant never responded, which Plaintiff asserts amounted to constructive termination of his employment. *Id.* Nevertheless, Plaintiff alleges that he intends to

---

[6] This factual background is drawn from Plaintiff's SAC. The Court accepts all factual allegations in Plaintiff's SAC as true and views them in the light most favorable to Plaintiff. *See Black v. Kerzner Int'l Holdings Ltd.*, 958 F. Supp. 2d 1347, 1349 (S.D. Fla. 2013) (quoting *Moore v. Liberty Nat. Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001)).

continue to seek employment with Defendant and will again be required to submit to a background check by Checkpast. *Id.* ¶ 16.

## C.      Plaintiff's Second Amended Complaint and Defendant's Renewed Motion

Plaintiff's SAC contains six counts:

- Count I alleges violation of the FCRA on Plaintiff's behalf and on behalf of every individual who applied for employment with Defendant and whose consumer report was procured or caused to be procured by Defendant in a manner that did not comply with the requirements of the FCRA (the "FCRA Subclass"). *See id.* ¶¶ 23(a), 33–44.

- Count II alleges violation of the ICRAA on Plaintiff's behalf and on behalf of every individual who applied for employment with Defendant and whose investigative consumer report was procured or caused to be procured by Defendant in a manner that did not comply with the requirements of the ICRAA (the "ICRAA Subclass"). *See id.* ¶¶ 23(b), 45–53.

- Count III alleges violation of California Labor Code § 432.7 on Plaintiff's behalf and on behalf of every individual who applied for employment with Defendant in California and whose information prohibited under California Labor Code § 432.7 was sought from any source and/or used by Defendant as a factor in determining any condition of employment (the "Labor Code 432.7 Subclass"). *See id.* ¶¶ 23(c), 54–62.

- Count IV alleges negligence on Plaintiff's behalf only. *See id.* ¶¶ 63–68.

- Count V alleges adverse employment action in violation of public policy on Plaintiff's behalf and on behalf of every individual in California employed by Defendant who was fired shortly after Defendant procured or caused to be prepared the individual's investigative consumer report that contained information prohibited by California Labor Code § 432.7 (the "Adverse Employment Actions Subclass"). *See id.* ¶¶ 23(d), 69–79.

- Count VI alleges unlawful business practices in violation of California Business and Professions Code § 17200 *et seq.* on Plaintiff's behalf and on behalf of every individual who applied for employment or held employment with Defendant in California whose employment, possible employment, or promotion potential was unlawfully affected by information prohibited from inclusion on a background report (the "Unlawful Business Practices Subclass"). *See id.* ¶¶ 23(e), 80–86.

In its Renewed Motion, Defendant moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings or, in the alternative, pursuant to Rule 12(b)(6) to dismiss each of the six counts in Plaintiff's SAC. *See* DE 91. The Court will address Defendant's

arguments following a brief discussion of the legal standard applicable to motions made under Rule 12(c) and Rule 12(b)(6).

## II.    LEGAL STANDARD

When a defendant moves for judgment on the pleadings pursuant to Rule 12(c), the motion "is governed by the same standard as a motion to dismiss for failure to state a claim on which relief may be granted." *Black v. Kerzner Int'l Holdings Ltd.*, 958 F. Supp. 2d 1347, 1349 (S.D. Fla. 2013) (quoting *Pinto v. Microsoft Corp.*, No. 12-60509-CIV, 2012 WL 4479059, at *2 (S.D. Fla. Sept. 28, 2012)). Accordingly, a court must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Id.* (quoting *Moore v. Liberty Nat. Life Ins. Co.,* 267 F.3d 1209, 1213 (11th Cir. 2001)). "The complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)) (internal quotation marks omitted).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-barred.'" *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (quoting *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)).

### III.   LEGAL ANALYSIS

As an initial matter, the Court construes Defendant's Renewed Motion as a Rule 12(c) motion for judgment on the pleadings,[7] rather than a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(c) "provides a means of disposing of cases when . . . a judgment on the merits can be achieved by focusing on the content of competing pleadings . . . ." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004)) (internal quotation marks omitted). "[J]udgment on the pleadings is inappropriate when only a single pleading related to a claim . . . has been filed." *Id.* at 1337. Having considered the substance of the parties' respective pleadings and the procedural posture of the instant case in light of the purpose underlying Rule 12(c), the Court concludes that construing Defendant's Renewed Motion as a motion for judgment on the pleadings is appropriate.

To begin with, despite Defendant's failure to answer Plaintiff's SAC, the Court is not without the benefit of a responsive pleading. Defendant answered Plaintiff's FAC, denying all allegations therein, on August 13, 2014. *See* DE 1-5; DE 1 ¶ 7. To the extent Plaintiff's SAC differs from Plaintiff's FAC, the Court finds no substantive differences. Rather, as Plaintiff stated in his Motion for Leave to File a Second Amended Complaint [DE 87], Plaintiff's SAC merely brings the operative pleading into compliance with the Local Rules and clarifies certain

---

[7] The Court notes that a party may move for judgment on the pleadings under Rule 12(c) only after the pleadings are closed. *See* Fed. R. Civ. P. 12(c). The Court also notes that because Defendant has not answered Plaintiff's SAC, the pleadings are not technically closed in the instant case. *See, e.g.*, *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002). However, it is not unprecedented to consider the pleadings closed, despite a defendant's technical failure to answer an amended complaint, for purposes of construing a defendant's motion as one for judgment on the pleadings. *See, e.g.*, *In re Dorsey*, 497 B.R. 374, 381 n.5 (Bankr. N.D. Ga. 2013). Furthermore, Plaintiff has not argued that a Rule 12(c) motion for judgment on the pleadings is premature.

allegations included in Plaintiff's FAC. The Court finds the content of Plaintiff's SAC and Defendant's Answer to Plaintiff's FAC sufficient to render judgment on the pleadings.

Defendant seeks judgment on the pleadings for Plaintiff's failure to state a claim. The Court's focus is therefore the sufficiency of Plaintiff's SAC, not the content of Defendant's answer thereto. To the extent that Plaintiff's SAC includes any allegations not included in Plaintiff's FAC, and to the extent Defendant's technical failure to answer Plaintiff's SAC could be construed as admitting the allegations therein, the Court notes that it must accept all allegations in Plaintiff's SAC as true for the purposes of Defendant's Renewed Motion whether or not Defendant has denied these allegations in a responsive pleading directed to Plaintiff's SAC. The Court also notes that the same legal standard applies, and the Court must accept all allegations in Plaintiff's SAC as true, whether Defendant's Renewed Motion is construed as a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings. To the extent any prejudice to Defendant results from construing Defendant's Renewed Motion as a motion for judgment on the pleadings in the absence of a responsive pleading directed to Plaintiff's SAC, the Court notes that it construes Defendant's Renewed Motion as a motion for judgment on the pleadings *at Defendant's request*.

The Court also considers the procedural posture of this case and the practical ramifications of construing Defendant's Renewed Motion as a 12(b)(6) motion to dismiss. Plaintiff filed his initial Complaint over two years ago, and has since amended his Complaint twice. Pursuant to the Court's Order Granting Plaintiff's Motion to Modify Pretrial Scheduling Order [DE 62] entered February 20, 2015, the deadline to amend pleadings expired on April 9, 2015. At this stage of the proceedings, the Court would not grant Plaintiff leave to amend for a

third time under any circumstances. Were the Court to dismiss part or all of Plaintiff's SAC, rather than enter judgment on the pleadings, such dismissal would be with prejudice.

Finally, the Court acknowledges that construing Defendant's Renewed Motion as a Rule 12(c) motion for judgment on the pleadings permits Defendant to raise certain arguments that were omitted from its first Motion for Judgment on the Pleadings [DE 16] directed to Plaintiff's FAC, which Defendant could not now raise in a 12(b)(6) motion to dismiss.[8] However, refusing to consider these arguments until Defendant files a responsive pleading directed specifically to Plaintiff's SAC and renews its 12(c) motion for judgment on the pleadings would do no more than delay the inevitable.[9]

For all of these reasons, the Court construes Defendant's Renewed Motion as a Rule 12(c) motion for judgment on the pleadings, and will address all statute of limitations and other arguments in support of Defendant's contention that Plaintiff's SAC fails to state a claim upon which relief can be granted.

## A. Defendant's Alleged Violations of the FCRA and ICRAA

Defendant's alleged FCRA violations include: (1) failing to give Plaintiff and other employment applicants clear and conspicuous disclosure in a standalone document that a consumer report may be required, in violation of 15 U.S.C. § 1681b(b)(2); (2) failing to provide Plaintiff and other employment applicants a copy of the consumer report before taking adverse

---

[8] "*Except as provided in Rule 12(h)(2)* or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2) (emphasis added). While a party waives any defense listed in Rule 12(b)(2)–(5) by omitting it from an earlier motion, "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)" despite its omission from an earlier motion. *See* Fed. R. Civ. P. 12(h).

[9] The Court notes that this is precisely what Defendant has done in the past. In response to Plaintiff's FAC, Defendant filed its Answer on August 13, 2014, followed by its first Motion for Judgment on the Pleadings [DE 16] on October 10, 2014, and its second Motion for Judgment on the Pleadings [DE 71] on March 4, 2015. The Court also notes that while certain arguments were omitted from Defendant's first Motion for Judgment on the Pleadings, Defendant did raise the argument that Plaintiff's FCRA and ICRAA claims are time-barred, in addition to other defenses, in its Answer to Plaintiff's FAC. *See* DE 1-5.

action, in violation of 15 U.S.C. § 1681b(b)(3); (3) failing to provide Plaintiff and other employment applicants a summary of their rights under the FCRA before taking adverse employment action, in violation of 15 U.S.C. § 1681b(b)(3); (4) failing to provide Plaintiff and other employment applicants an adverse action notice informing them that a final decision had been made and containing certain required information, in violation of 15 U.S.C. § 1681m(a); and (5) failing to certify in writing to the consumer reporting agency retained to furnish the background checks that it would comply with the requirements under the FCRA regarding disclosure, consent, and notice, that it would use the consumer report for an authorized purpose, and that it would not use information in violation of any state or federal discrimination laws, in violation of 15 U.S.C. §§ 1681b(b)(1) and 1681b(f). *See* DE 90, SAC ¶¶ 35–40.

Defendant's alleged ICRAA violations include: (1) failing to give Plaintiff and other employment applicants clear and conspicuous disclosure in a standalone document that an investigative consumer report may be required, in violation of California Civil Code § 1786.16(a); (2) failing to give Plaintiff and other employment applicants clear and conspicuous disclosure in a standalone document of the nature and scope of an investigative consumer report, in violation of California Civil Code § 1786.16(a); (3) failing to provide Plaintiff and other employment applicants a copy of the investigative consumer report, in violation of California Civil Code § 1786.16(b); and (4) failing to certify to the investigative consumer reporting agency that it has made the applicable required disclosures to the consumer and that it will comply with the notice requirements under the ICRAA, in violation of California Civil Code § 1786.16(a). *See id.* ¶¶ 47–49.[10]

---

[10] Plaintiff has conceded that injunctive relief is not available under either the FCRA or the ICRAA. *See* DE 93 at 8 n.3.

### 1.  Failure to State a Claim for Violation of 15 U.S.C. § 1681m(a)

Plaintiff's claim for violation of 15 U.S.C. § 1681m(a) fails as a matter of law because only Federal agencies and officials can enforce this section. *See* 15 U.S.C. § 1681m(h)(8). Section 1681m(h)(8) bars civil actions for "failure by any person to comply with *this section*." *See id.* (emphasis added). The Eleventh Circuit Court of Appeals has not yet considered whether "this section" refers only to subsection (h) or refers to all of section 1681m. However, the majority of courts to consider this issue have adopted the broader interpretation. *See, e.g.*, *Perry v. First Nat. Bank*, 459 F.3d 816, 822–23 (7th Cir. 2006) ("The unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m."); *Shaw v. Yorke*, No. 8:11-CV-00076-EAK, 2011 WL 2563177, at *1 (M.D. Fla. June 28, 2011); *Howard v. DirecTV Grp., Inc.*, No. CV 109-156, 2012 WL 1850922, at *5 (S.D. Ga. May 21, 2012); *Floyd-Keith v. Homecomings Fin., LLC*, No. 2:09CV769-WKW, 2010 WL 3927596, at *8 (M.D. Ala. Sept. 17, 2010) report and recommendation adopted, No. 2:09-CV-769-WKW, 2010 WL 3943646 (M.D. Ala. Oct. 7, 2010).[11] The Court finds the decisions of these courts persuasive and concludes that subsection (h)(8) applies to all of section 1681m, including section 1681m(a). Because subsection (h)(8) forecloses private enforcement of section 1681m(a), Plaintiff's claim under this section—brought on his own behalf and on behalf of the FCRA Subclass—fails as a matter of law.

### 2.  Statute of Limitations for FCRA and ICRAA Claims

An FCRA claim must be brought within the earlier of (1) two years after the date of discovery by the plaintiff of the violation that is the basis for liability or (2) five years after the

---

[11] The Court is not persuaded otherwise by *Barnette v. Brook Road, Inc.*, 429 F. Supp. 2d 741 (E.D. Va. 2006), the sole case on which Plaintiff relies to support his argument that "this section" refers only to subsection (h). In *Perry*, the Seventh Circuit Court of Appeals considered and ultimately rejected the *Barnette* court's analysis. *See Perry*, 459 F.3d at 822–23. The Court agrees with and adopts the *Perry* court's conclusion.

date on which the violation that is the basis for liability occurs.[12] *See* 28 U.S.C. § 1681p. Similarly, an ICRAA claim must be brought within two years from the date of discovery. *See* Cal. Civ. Code § 1786.52. Both statutes apply the "discovery rule," pursuant to which a claim accrues when the litigant first knows or with due diligence should know facts that will form the basis for an action. *See Merck & Co. v. Reynolds*, 559 U.S. 633, 646 (2010); *see also id.* at 645 ("[S]tate and federal courts have typically interpreted the word [discovery] to refer not only to actual discovery, but also to the hypothetical discovery of facts a reasonably diligent plaintiff would know."). Importantly, "a limitations period begins to run when a claimant discovers the facts that give rise to a claim and not when a claimant discovers that those facts constitute a legal violation." *Mack v. Equable Ascent Fin., L.L.C.*, 748 F.3d 663, 665–66 (5th Cir. 2014) (citing *Merck & Co.*, 559 U.S. at 644–48).

Plaintiff filed his initial Complaint on August 7, 2013. However, Plaintiff did not allege any violations of the FCRA or the ICRAA in his initial Complaint. *See* DE 1 ¶ 1; DE 1-6. Plaintiff first alleged these violations in his FAC filed July 15, 2014. *See* DE 1 ¶ 5; DE 1-4. Prior to determining whether Plaintiff's FCRA and ICRAA claims are time-barred, the Court must therefore consider whether Plaintiff's FAC relates back to the date of his initial Complaint.

a. **Relation Back**

"An amendment to a pleading relates back to the date of the original pleadings when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . . ." Fed. R. Civ. P. 15(c). "Congress intended Rule 15(c) to be used for a relatively narrow purpose; it did not intend for the rule to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts." *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003) (citing

---

[12] Neither party argues that the latter half of this provision applies here.

*Pruitt v. United States*, 274 F. 3d 1315, 1318 (11th Cir. 2001)). "The critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claim now being asserted. *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (citing *Woods Exploration & Producing Co., Inc. v. Aluminum Co. of America*, 438 F.2d 1286, 1299–1300 (5th Cir. 1971)). "When new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed." *Id.* (quoting *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. 1985)).

In his initial Complaint, Plaintiff alleged only breach of contract and negligence claims arising from Defendant's decision not to hire Plaintiff on the basis of information included in a background report prepared by Checkpast. *See* DE 1-6. Plaintiff did not allege that Defendant failed to make certain disclosures prior to obtaining the report, failed to provide Plaintiff a copy of his report, failed to certify certain information to Checkpast, or otherwise violated either the FCRA or the ICRAA.[13] *See id.* The facts necessary to prove these claims are entirely distinct from those necessary to prove that Defendant "agreed to not consider any 'outdated' information provided by its background check vendor," and that Defendant breached that agreement, as alleged in Plaintiff's initial Complaint. *See id.* Likewise, the facts necessary to prove Plaintiff's FCRA and ICRAA claims are entirely distinct from those necessary to prove that Defendant negligently relied on information provided by Checkpast, as alleged in Plaintiff's initial Complaint. *See id.* The Court therefore concludes that Plaintiff's FCRA and ICRAA claims are not based on the same conduct, transaction, or occurrence as the breach of contract and

---

[13] The only reference to the FCRA in Plaintiff's initial Complaint is the allegation that Defendant breached the terms of a purported contract by "[r]efusing to employ Plaintiff based solely on information it knew violated the California Consumer Credit Reporting Agencies Act [Cal. Civ. Code Sections 1785.1 et seq.] and the Fair Credit Reporting Act [15 U.S.C. Sections 1681c et seq.]." Plaintiff did not allege that Defendant itself violated any statutory provision.

negligence claims asserted in Plaintiff's initial Complaint, and relation back is inappropriate. *See Farris*, 333 F.3d at 1215; *Moore*, 989 F.2d 1129 at 1131; Fed. R. Civ. P. 15(c).

Accordingly, Plaintiff's FCRA and ICRAA claims are deemed filed as of July 15, 2014, the date of Plaintiff's FAC. These claims are time-barred if the statute of limitations began to run more than two years prior to that date. *See* 28 U.S.C. § 1681p; Cal. Civ. Code § 1786.52. In other words, Plaintiff's FCRA and ICRAA claims are time-barred if Plaintiff knew or with due diligence should have known the facts giving rise to these claims prior to July 15, 2012. *See Merck & Co.*, 559 U.S. at 644–48; *Mack*, 748 F.3d at 665–66.

### b.  Plaintiff's FCRA and ICRAA Claims Are Time-Barred

It is apparent from the face of Plaintiff's SAC that all of Plaintiff's FCRA and ICRAA claims are time-barred. With respect to Plaintiff's claim that Defendant failed to give Plaintiff clear and conspicuous disclosure in a standalone document that a consumer report may be required, in violation of 15 U.S.C. § 1681b(b)(2) (the "FCRA disclosure requirement"), the statute of limitations began to run on August 5, 2011. Likewise, with respect to Plaintiff's claims that Defendant failed to give Plaintiff clear and conspicuous disclosure in a standalone document that an investigative consumer report may be required, and that Defendant failed to give Plaintiff clear and conspicuous disclosure in a standalone document of the nature and scope of an investigative consumer report, in violation of California Civil Code § 1786.16(a) (the "ICRAA disclosure requirements"), the statute of limitations began to run on August 5, 2011. With respect to Plaintiff's claim that Defendant failed to provide Plaintiff a copy of the investigative consumer report, in violation of California Civil Code § 1786.16(b), the statute of limitations began to run on August 10, 2011. Finally, with respect to Plaintiff's remaining FCRA and ICRAA claims, the Court concludes that with due diligence, Plaintiff should have known the facts giving rise to

15

those claims prior to July 15, 2012. The Court will therefore enter final judgment in favor of Defendant as to Counts I and II of Plaintiff's SAC.

### i.    Violations of FCRA and ICRAA Disclosure Requirements

Although Plaintiff signed a "Background Research Application and Release" on July 25, 2011,[14] Defendant's alleged violation of the FCRA and ICRAA disclosure requirements was not complete until Defendant obtained Plaintiff's report from Checkpast. *See* 15 U.S.C. § 1681b(b)(2)(A)(i) (providing that the requisite disclosures must be made "at any time before the report is procured or caused to be procured"); Cal. Civ. Code § 1786.16(a)(2) (providing that the requisite disclosures must be made "at any time before the report is procured or caused to be made"); *Singleton v. Domino's Pizza, LLC*, No. DKC 11-1823, 2012 WL 245965, at *7 (D. Md. Jan. 25, 2012) (concluding that no violation of 15 U.S.C. § 1681b(b)(2) had occurred until background checks were performed); *Davis v. Reg'l Acceptance Corp.*, 300 F. Supp. 2d 377, 385 (E.D. Va. 2002) ("[Section] 1681b(b)(2) prohibits any person from obtaining a consumer report for employment purposes without fulfilling enumerated [disclosure] requirements.").

The statute of limitations did not begin to run on these claims until Plaintiff discovered the facts forming the basis for Defendant's alleged violation of these FCRA and ICRAA disclosure requirements, *i.e.* when Plaintiff knew or should have known that Defendant had obtained a copy of Plaintiff's report. It is apparent from the face of Plaintiff's SAC that on August 5, 2011, Defendant informed Plaintiff that it intended to take adverse action against him in light of certain information contained in a consumer report made by Checkpast at Defendant's request. *See* DE 90, SAC ¶ 13. Plaintiff therefore knew or should have known as of August 5,

---

[14] *See* DE 91-3. The Court may consider this document, a copy of which is attached to Defendant's Renewed Motion but not to Plaintiff's SAC, because it is central to Plaintiff's claims concerning the sufficiency of disclosure provided by Defendant and Plaintiff has not disputed its authenticity. *See Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

2011, that Defendant had obtained a copy of Plaintiff's report. Plaintiff filed his initial Complaint two years and two days later, on August 7, 2013, and filed his FAC nearly three years later, on July 15, 2014. *See* DE 1-6; DE 1-4. Plaintiff's claims that Defendant violated these FCRA and ICRAA disclosure requirements are therefore time-barred, whether or not Plaintiff's FAC relates back to the date of Plaintiff's initial Complaint.

### ii. Violation of ICRAA Requirement to Provide Copy of Report

With respect to Plaintiff's claim that Defendant failed to provide Plaintiff a copy of his investigative consumer report in violation of California Civil Code § 1786.16(b), the statute of limitations began to run three business days after the date on which Plaintiff discovered that Defendant had received a copy of Plaintiff's report. Section 1786.16(b) requires an employer who requests an investigative consumer report to

> [p]rovide the consumer a means by which the consumer may indicate on a written form, by means of a box to check, that the consumer wishes to receive a copy of any report that is prepared. If the consumer wishes to receive a copy of the report, the recipient of the report shall send a copy of the report to the consumer *within three business days* of the date that the report is provided to the recipient . . . .

Cal. Civ. Code § 1786.16(b) (emphasis added).

On the Background Research Application and Release signed by Plaintiff on July 25, 2011, Plaintiff checked the box next to the statement: "I wish to receive a copy of the consumer investigative report." *See* 91-3. As noted above, Defendant informed Plaintiff on August 5, 2011, that it intended to take adverse action against him in light of certain information contained in a consumer report made by Checkpast at Defendant's request. *See* DE 90, SAC ¶ 13. Plaintiff therefore knew or should have known as of August 5, 2011, that he had requested a copy of the report from Defendant and that Defendant had received a report from Checkpast. Drawing all reasonable inferences in Plaintiff's favor, the Court finds that the statute of limitations on this

claim began to run when Defendant had not provided Plaintiff with a copy of his report by the following Wednesday, August 10, 2011—three business days later. Because this claim was first alleged in Plaintiff's FAC filed July 15, 2014—nearly three years after Plaintiff discovered the violation—this claim is time-barred.

### c. Discovery of Remaining FCRA and ICRAA Violations

With respect to the remaining FCRA and ICRAA violations alleged in Counts I and II of Plaintiff's SAC, the Court concludes that Plaintiff knew or with due diligence should have known the facts giving rise to those claims prior to July 15, 2012.

### i.    Adverse Employment Action

First, Plaintiff knew or should have known prior to July 15, 2012 that Defendant had taken adverse employment action against him.[15] Plaintiff's SAC does not specify when Plaintiff discovered that Defendant had taken adverse employment action against Plaintiff. However, Plaintiff alleges that Defendant informed him on August 5, 2011, that Defendant *intended* to take adverse action against Plaintiff.[16] *See* DE 90, SAC ¶ 13. Plaintiff further alleges that upon obtaining a copy of the Report prepared by Checkpast, Plaintiff "*immediately* thereafter contacted the consumer reporting agency Checkpast to correct the inaccuracies in the Report and a new Report was provided to [Defendant] that correctly omitted the adverse information." *See id.* ¶¶ 14–15 (emphasis added). Finally, Plaintiff alleges that he "followed up with [Defendant] on numerous occasions to inquire the status of the Report and his employment. Despite Plaintiff's *diligent and repeated efforts*, [Defendant] did not respond, and thereby constructively

---

[15] The Court construes Plaintiff's constructive termination by Defendant as the alleged adverse employment action taken against him. *See* DE 90, SAC ¶ 15

[16] The Court has reviewed the August 5, 2011 letter informing Plaintiff that Defendant intended to reject his application for employment, a copy of which is attached to Defendant's Renewed Motion but not to Plaintiff's SAC. *See* DE 91-6; *see also Horsley*, 304 F.3d at 1134. In that letter, Defendant states explicitly that "a final decision has not yet been made." *See* DE 91-6.

terminated Plaintiff." *See id.* ¶ 15 (emphasis added). To summarize, Plaintiff knew as of August 5, 2011 that Defendant intended to take adverse action, immediately contacted Checkpast, and made diligent and repeated efforts to contact Defendant. Accepting as true Plaintiff's allegation that Defendant's failure to respond amounted to constructive termination of Plaintiff's employment, the Court concludes that Plaintiff knew or with due diligence should have known of such constructive termination prior to July 15, 2012, nearly a year after Defendant informed Plaintiff of its intent to take adverse action.

Accordingly, prior to July 15, 2012, Plaintiff either knew or with due diligence should have known the facts giving rise to Plaintiff's claim that Defendant failed to provide Plaintiff a copy of the consumer report before taking adverse action, in violation of 15 U.S.C. § 1681b(b)(3), and Plaintiff's claim that Defendant failed to provide Plaintiff a summary of his rights under the FCRA before taking adverse employment action, in violation of 15 U.S.C. § 1681b(b)(3).[17] Because these claims were first alleged in Plaintiff's FAC filed July 15, 2014—more than two years after Plaintiff discovered the violations—these claims are time-barred.

### ii. Certification

Second, Plaintiff knew or with reasonable diligence should have known prior to July 15, 2012 that Defendant had failed to certify certain information to Checkpast in compliance with 15 U.S.C. §§ 1681b(f) and 1681b(b)(1) and California Civil Code § 1786.16(a). Plaintiff alleges that Defendant violated the FCRA when it "[f]ailed to certify in writing to [Checkpast] that it will comply with the requirements under the FCRA regarding disclosure, consent, and notice, that it will use the consumer report for an authorized purpose, and that it will not use information in violation of any state or federal discrimination laws." *See* DE 90, SAC ¶ 40(e). Plaintiff further

---

[17] Pursuant to section 1681b(b)(3), "before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer . . . (i) a copy of the report; and (2) a description in writing of the rights of the consumer . . . ." *See* 15 U.S.C. § 1681b(b)(3).

alleges that Defendant violated the ICRAA when it "[f]ailed to certify to [Checkpast] that [Defendant] has made the applicable disclosures to the consumer required by [the ICRAA] and the [Defendant] will comply with the notice requirements under the ICRAA." *See* DE 90, SAC ¶ 49(d). Plaintiff does not specify when he discovered Defendant's failure to certify this information.[18] However, for the reasons set forth below, the Court concludes that Plaintiff knew or with reasonable diligence should have known the facts giving rise to these claims prior to July 15, 2012.

Under the FCRA, "a consumer reporting agency may furnish a consumer report for employment purposes only if . . . the person who obtains such report from the agency certifies to the agency that . . . the person has complied with [section 1681b(b)(2)][19] with respect to the consumer report, and the person will comply with [section 1681b(b)(3)][20] with respect to the consumer report if [that section] becomes applicable . . . ." *See* 15 U.S.C. § 1681b(b)(1). The FCRA further prohibits a person from using or obtaining a consumer report for any purpose unless "the purpose is certified in accordance with section 1681e[21] . . . by a prospective user of the report through a general or specific certification." *See* 15 U.S.C. § 1681b(f). Under the ICRAA, "[t]he person procuring or causing the request to be made shall certify to the

---

[18] Plaintiff alleges only that "he discovered the violation of FCRA and ICRAA within two years of the date the First Amended Complaint was filed on July 15, 2014." *See* DE 90, SAC ¶ 20. The Court need not, and does not, accept this conclusory statement as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

[19] Pursuant to section 1681b(b)(2), "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—(i) a clear and conspicuous disclosure has been made in writing to the consumer . . . that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing . . . the procurement of the report by that person." *See* 15 U.S.C. § 1681b(b)(3).

[20] "[B]efore taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer . . . (i) a copy of the report; and (2) a description in writing of the rights of the consumer . . . ." *See* 15 U.S.C. § 1681b(b)(3).

[21] Pursuant to section 1681e, every consumer reporting agency must maintain reasonable procedures requiring that prospective users of the information "certify the purposes for which the information is sought, and certify that the information will be used for no other purpose." *See* 15 U.S.C. § 1681b(b)(3).

investigative consumer reporting agency that the person has made the applicable disclosures to the consumer required by [section 1786.16(a)] and that the person will comply with [section 1786.16(b)]." *See* Cal. Civ. Code § 1786.16(a)(4).

The Court has determined that as of August 5, 2011, Plaintiff knew or should have known that Defendant had obtained a report from Checkpast without providing the clear and conspicuous disclosures required by 15 U.S.C. § 1681b(b)(3) and California Civil Code § 1786.16(a). The Court has also determined that prior to July 15, 2012, Plaintiff knew or should have known that Defendant had taken adverse employment action without providing Plaintiff a copy of his report or notifying Plaintiff of his rights under the FCRA in compliance with 15 U.S.C. § 1681b(b)(3). The Court notes that Plaintiff opened a line of communication with Checkpast—the company to whom Defendant was required to certify information—well prior to July 15, 2012. Plaintiff requested and received a copy of his report from Checkpast and contacted Checkpast about the inaccuracies in the report, which Checkpast corrected, shortly after August 5, 2011. *See* DE 90, SAC ¶¶ 13–15.

The Court concludes that a reasonably diligent plaintiff—knowing that he had been injured, and by whom—should have discovered prior to July 15, 2012 that Defendant had also failed to certify certain information to Checkpast. While Plaintiff may not have known initially that Defendant was required to certify information to Checkpast under federal and California state law, a reasonably diligent plaintiff would have discovered that fact prior to July 15, 2012. Doing so would require no more than spending a few minutes searching the Internet or speaking with an attorney, something a reasonably diligent plaintiff would do soon after discovering that his employer intended to terminate him on the basis of an inaccurate background report. Learning whether or not Defendant had complied with these requirements would have been a

simple matter of asking. Plaintiff's allegations establish that Checkpast was responsive to his request for a copy of his report and that Checkpast corrected the inaccuracies in the report when informed of them by Plaintiff. *See id.* It is therefore reasonable to infer that Checkpast would also have responded to an inquiry regarding the certifications made to Checkpast by Defendant. Moreover, Plaintiff would have known without asking that any such certifications made by Defendant were untrue.

Plaintiff therefore knew or should have known of the facts giving rise to these claims prior to July 15, 2012. Because these claims were first alleged in Plaintiff's FAC filed July 15, 2014—more than two years after Plaintiff discovered the violations—these claims are time-barred.

### 3. Class Claims

Finally, because Plaintiff's own FCRA and ICRAA claims are time-barred, Plaintiff may not assert these claims on behalf of a putative class. "[A] class representative whose claim is time-barred cannot assert the claim on behalf of the class." *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1347 (11th Cir. 2001) (citing *Carter v. W. Pub. Co.*, 225 F.3d 1258, 1267 (11th Cir. 2000)).

## B.  Remaining California State Law Claims

In its Notice of Removal, Defendant argued that removal of this case was appropriate for two reasons: (1) the district court had original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's FCRA claims arise under federal law; and (2) the district court had original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act of 2005 (the "CAFA") because the matter in controversy exceeded $5,000,000, exclusive of interest and

costs, and was a class action in which at least one member of the putative class of plaintiffs was a citizen of a State different from Defendant. *See* DE 1.

The Court has concluded that Defendant is entitled to judgment on the pleadings as to Counts I and II of Plaintiff's SAC. None of Plaintiff's remaining claims arise under the Constitution, laws, or treaties of the United States. As a result, the Court no longer has federal question jurisdiction over this case. *See* 28 U.S.C. § 1331.

In the absence of a federal claim, the Court elects to exercise its discretion in favor of remanding Plaintiff's California state law claims to the state court from which it was removed. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (concluding that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate). Because removal jurisdiction raises significant federalism concerns, removal and jurisdictional statutes are strictly construed against jurisdiction and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). There is a strong presumption against removal and every doubt concerning whether removal was proper should be resolved in favor of remand. *Russell Corp. v. Am. Home. Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Having disposed of Plaintiff's FCRA and ICRAA claims, the Court cannot conclude that it has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). Defendant's assertion that the matter in controversy exceeded $5,000,000 relied in part on the estimation that the putative nationwide class exceeded 31,162 members, and assumed that judgment would ultimately be entered in favor of Plaintiff and the putative class on the FCRAA and ICRAA claims. *See* DE 1. Now, only California state law claims remain, and Plaintiff's putative class is limited to approximately 1,271 individuals in California. *See id.* Assuming that judgment is ultimately

23

entered in favor of Plaintiff and the putative class on the remaining claims, only two of which seek monetary damages on behalf of the class,[22] the Court cannot conclude that the matter in controversy exceeds $5,000,000.[23] Rather, the Court must resolve all doubt in favor of remand.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.      Defendant's Renewed Motion for Judgment on the Pleadings [DE 91] is **GRANTED IN PART and DENIED IN PART**.

2.      The Court will enter **FINAL JUDGMENT** in favor of Defendant as to Counts I and II of Plaintiff's Second Amended Complaint.

3.      Counts III–VI of Plaintiff's Second Amended Complaint are **REMANDED** to the Superior Court of the State of California for the County of Los Angeles.

4.      The Clerk of Court is instructed to **CLOSE THIS CASE**. All pending motions are **DENIED AS MOOT**, all scheduled hearings are **CANCELLED**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 28th day of August, 2015.

Copies furnished to:                         ROBIN L. ROSENBERG
Counsel of record                            UNITED STATES DISTRICT JUDGE

---

[22]  In Count IV, Plaintiff seeks only his actual damages, including pain and suffering, caused by Defendant's negligence. Count VI seeks injunctive relief.

[23]  In Count III, Plaintiff seeks (for himself and for each member of the Labor Code 432.7 Subclass): (1) the greater of $200 or actual damages; (2) the greater of $500 or treble actual damages; (3) and attorneys' fees and costs. In Count V, Plaintiff seeks (for himself and for each member of the Adverse Employment Action Subclass): (1) actual damages, including pain and suffering; (2) punitive damages; and (3) attorneys' fees and costs. Defendant asserts in its Notice of Removal that the number of background checks performed for California residents exceeds 1,271, but provides no indication of the number of applicants from whom employers sought information prohibited by California Labor Code § 432.7. *See* DE 1. As membership in both the Labor Code 432.7 Subclass and the Adverse Employment Action Subclass depends in large part on whether an employer sought information prohibited by California Labor Code § 432.7, the Court cannot determine the number of individuals comprising either subclass. As a result, the Court cannot determine whether the amount in controversy exceeds $5,000,000. Nor can the Court determine on the record before it whether the amount in controversy as to Plaintiff's individual claims exceed $75,000, as required to establish jurisdiction pursuant to 28 U.S.C. §1332(a).